UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLARENCE A. BECKNELL** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **SECTION:** |
| **ORLEANS PARISH SCHOOL BOARD** | * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is a suit in equity authorized and instituted pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12111, *et seq.* the Louisiana Employment Discrimination Law, LA-R.S. 41:2256, *et seq.*, the Uniformed Services Employment and Re-Employment Rights Act of 1994 ("USERRA"), 38 U.S.C. Section 4301, *et seq.*, and the Louisiana Military Service Relief Act ("LAMSRA"), LSA-R.S. 29:422(A)(1).

I. JURISDICTION

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, inasmuch as it presents a federal question, and pursuant to the Court's supplemental jurisdiction with respect to Plaintiff's state law claims. This Court has jurisdiction over the USERRA action pursuant to 38 U.S.C. § 4323(b). Venue is proper pursuant to 42 U.S.C. 2000e-5(f)(3) and 38 U.S.C. § 4323(c)(2).

2.

All conditions precedent to jurisdiction under 42 U.S.C. Section 2000e-5(f)(3) have occurred or been compiled with, to wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days from the date of the commission of the unfair employment practices; a Notice of Right to Sue was received from the U.S. Department of Justice, after referral by the Equal Employment Opportunity Commission, on September 23, 2010; this Complaint has been filed within ninety (90) days of receipt of the Notice of Right to Sue.

## II. PARTIES

Plaintiff, Clarence A. Becknell, is a citizen of the United States who, at all times pertinent herein, resided in the State of Louisiana.

3.

But for the unlawful employment practices alleged herein, Plaintiff would have continued to work for the defendant, Orleans Parish School Board.

4.

Defendant, Orleans Parish School Board [hereinafter "OPSB"] is a governmental and political subdivision of the State of Louisiana, and is located within the jurisdiction of this Court. Defendant is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and 42 U.S.C. Section 2000e(b).

**III.**
**COUNT I**
**AMERICANS WITH DISABILITIES ACT AND THE**
**LOUISIANA EMPLOYMENT DISCRIMINATION LAW**

5.

Plaintiff, Clarence A. Becknell, commenced his employment with OPSB in 1972. Until his unlawful termination on December 31, 2005, Mr. Becknell held the position of an elementary school principal. At that time, Mr. Becknell was the only tenured principal in the school system and had the most seniority of the other Principals who were not terminated.

6.

Mr. Becknell is a qualified individual with a disability, to-wit: degenerative arthritis of the knee. Because of his disability, Mr. Becknell has limited mobility and must work in an environment where he has access to an elevator or that does not require him to climb stairs.

7.

On August 27, 2005, Mr. Becknell, together with all personnel of the OPSB, were temporarily laid off due to Hurricane Katrina and the forced closure of the New Orleans Public Schools.

8.

While still laid off from Hurricane Katrina, Mr. Becknell was called to active duty with the military. He served from September 19, 2005 until his release on December 31, 2005.

9.

Upon his release from active duty, Mr. Becknell informed Judith Gahr, Director of Human Resources, of his intention to return to work at OPSB. Ms. Gahr informed Mr. Becknell that there

was not a school available to meet his requirement for an accommodation because of his disability.

10.

Defendant, however, thereafter reinstated other non-disabled OPSB employees to positions of principals within the school system.

11.

On September 5, 2006, Mr. Becknell filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ["EEOC"], alleging discrimination based on disability for a continuing violation of being denied reinstatement/re-employment and of being denied a reasonable accommodation for his disability.

12.

On September 30, 2009, the EEOC issued a Letter of Determination concluding that Defendant had violated the ADA because Plaintiff was denied reinstatement/re-employment based on his disability, and because Defendant had failed to provide Plaintiff with a reasonable accommodation.

13.

On January 15, 2010, the EEOC issued a Notice of Concilation Failure and referred the case to the U.S. Department of Justice for possible litigation.

14.

On September 23, 2010, Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice.

15.

Defendant violated the ADA by, among other things, failing to make reasonable

accommodations to the known physical limitations of Plaintiff, an otherwise qualified individual with a disability.

16.

The powers, remedies and procedures set forth in Title VII of the Civil Rights Act apply to this action under the ADA, and Plaintiff is entitled to the relief provided under 42 U.S.C. Sections 2000e-5 and the Louisiana Employment Discrimination Law, LA. R.S. 41:2256. *et seq.*

17.

Plaintiff further avers that such ADA violations on the part of the defendant is in willful and reckless indifference to his federally protected rights. Accordingly, Plaintiff is entitled to compensatory damages for his emotional distress and anguish, and to punitive/statutory damages in the maximum amount allowed by law, in addition to Plaintiff's pecuniary damages and attorney's fees. Plaintiff is also entitled to and seeks all costs of his expert witness fees and for judicial interest from date of demand until paid.

IV.
COUNT 2
UNIFORMED SERVICE EMPLOYMENT AND RE-EMPLOYMENT ACT
AND LOUISIANA MILITARY SERVICE RELIEF ACT

18.

On September 19, 2005, while he was on temporary layoff following Hurricane Katrina, Mr. Becknell was called to Active Duty for Special Work with the Louisiana National Guard ["the Guard"] in support of Hurricane Katrina Operations.

19.

Mr. Becknell notified the OPSB of his orders to report to active duty with the Guard .

20.

Mr. Becknell was on active duty with the Guard from August 27, 2005, until his release on December 31, 2005, and spent all or substantially all of his active duty stationed at the Joint Force Headquarters at Camp Beauregard in Pineville, Louisiana.

21.

Upon release from active duty, Mr. Becknell appeared in person, and in uniform, on or about January 3, 2006, to inform OPSB Human Resource Director Judy Gahr that he had completed military service and was available and desired to return to work in his previously held capacity as a principal.

22.

Mr. Becknell's request to be reinstated was denied; however, non-tenured employees with less seniority were assigned as principals to several schools in New Orleans.

23.

The OPSB violated Sections 4313(a)(2)(A) of USERRA and (LAMSRA), LSA R.S. 29:422(A)(1) by failing or refusing to promptly re-employ Mr. Becknell as an elementary school principal upon his return from military service and timely request for re-employment.

24.

Mr. Becknell has suffered substantial loss of earnings and other benefits of employment as a result of the OPSB's violations of USERRA and LAMSRA.

V.
DAMAGES

As a result of the defendant's actions and /or inactions the plaintiff has suffered and will

suffer the following damages for which he is entitled to relief:

    A. Loss of past and future wages and /or earnings;

    B. Loss of past and future benefits;

    C. Past and future mental anguish and emotional distress; and

    D. Attorney fees and costs necessary to prosecute this action.

25.

As a result of the defendant's actions and/or inactions the plaintiff is also entitled to and desires that the court award him all statutory/punitive damages that the law allows , prejudgment interest and any and all other proper and just relief.

26.

The plaintiff also avers that he is entitled to and desires a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that he be granted a trial by jury; that the defendant, Orleans Parish School Board be served with a copy of this Complaint and a summons to answer same; and that after due proceedings had, there be judgment in favor of the plaintiff and against the defendant, Orleans Parish School Board, in an amount to compensate the plaintiff for his past and future lost wages and/or earnings; past and future lost benefits; past and future mental anguish; and past and future emotional distress together with attorney fees, costs to prosecute this action, all statutory/punitive damages allowed by law, prejudgment interest, and all other relief that may be just and proper.

Respectfully Submitted,

**Chehardy, Sherman, Ellis, Murray, Recile,
Griffith, Stakelum & Hayes, LLP**

s/George B. Recile
**GEORGE B. RECILE (#11414)**
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080

**PLEASE SERVE**:
**Orleans Parish School Board**
Through the Orleans Parish School Board Office
3520 General DeGaulle Drive
Suite 5055
New Orleans, Louisiana 70114